**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abe Arvizu, | No. CV-05-2437-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | [Not for publication] |
| AFSCME Local Union 2384, et al., | |
| Defendants. | |

Pending before the court are: Defendants' Motion to Dismiss, Doc. #9, Plaintiff's Response to Defendants' Motion, Doc. #13, and Defendants' Reply to Plaintiff's Response, Doc. #14; Plaintiff's Motion for Remand, Doc. #8, Defendants' Response to Plaintiff's Motion, Doc. #10, and Plaintiff's Reply to Defendants' Response, Doc. #11; and Defendants' Motion to Strike Abe Arvizu's Affidavit, Doc. #15, Plaintiff's Response to Defendants' Motion, Doc. #17, and Defendants' Reply to Plaintiff's Response, Doc. #19.

Plaintiff ("Arvizu") filed a state-law claim for malicious prosecution against Defendants in state court. Defendants timely removed the case to federal court, asserting that Arvizu's claim for malicious prosecution is preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Subsequently, Arvizu filed a motion to remand for lack of jurisdiction. Because federal courts are courts of limited jurisdiction, this court must first reach the issue of whether it has jurisdiction. The

1  jurisdictional question turns on whether Arvizu's claim for malicious prosecution is indeed
2  preempted by section 301.  Defendants also argue that if Arvizu's malicious prosecution
3  claim is preempted by section 301, his section 301 claim must be dismissed because Arvizu
4  failed to exhaust internal union remedies and he failed to timely file his action.  The
5  individual Defendants also claim immunity from personal damage liability under section 301.

**I.    Statement of the Case**

Arvizu served as Vice President of the American Federation of State, County and County Municipal Employees, AFL-CIO ("AFSCME") Local Union 2384 from December 1999 through December 2004.  Doc. #13 at 2.  Defendant Ray Oliver ("Oliver") was elected President of AFSCME Local Union 2384 in December 1999 and continues to hold that position.  In November 2004, Arvizu unsuccessfully challenged Oliver for the presidency of AFSCME Local Union 2384.  Arvizu had made it known in December 2002 that he would challenge Oliver in the 2004 election.  Doc. #13 at 2.

On September 3, 2003, Oliver filed thirteen charges against Arvizu, alleging violations of the AFSCME International Constitution ("International Constitution") and the Local Union 2384 Constitution ("Local Constitution").  Specifically, Oliver alleged that Arvizu improperly secured legal representation for an employee (Charge One), he failed to obey Executive Board orders (Charge Two), he incorrectly represented Local Union 2384 (Charge Three), he failed to cooperate with other labor organizations (Charge Four), he endorsed a non-union chain (Charge Five), he failed to fulfill his hour requirements (Charge Six), he failed to schedule a mandatory training session (Charge Seven), he failed to return union property (Charge Eight), he submitted a false travel reimbursement slip (Charge Nine), he improperly took vacation time (Charges Ten and Eleven), he conducted non-union business in the Local 2384 Office (Charge Twelve), and he failed to assist Oliver with his presidential duties (Charge Thirteen).  *See* Doc. #7, Exhibit A.

Article X, Section 2 of the International Constitution is the provision which allowed Oliver to bring charges against his fellow union member, Arvizu.  Doc. #7, Exhibit B at 107 ("The following and no other shall constitute the basis for filing of the charges:  Violation of

any provision of this Constitution or of any officially adopted and approved constitution of a subordinate body to which the member being accused is subject."). On December 16, 2003 and on February 25, 2004, Oliver's allegations against Arvizu were heard before a judicial panel pursuant to Articles X and Articles XI of the International Constitution, and on April 13, 2004, the Judicial Panel determined that Arvizu was not guilty of any of the charges. On April 5, 2005, Arvizu brought suit in a Maricopa County Superior Court for malicious prosecution.

**II.     Legal Standard**

    **A.     Motion to Dismiss–Rule 12(b)(6)**

Defendants moved to dismiss Arvizu's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of the Motion, Defendants submitted documents that were not part of the pleadings, and asked the court to treat the Motion as one for summary judgment.

While a court generally converts a 12(b)(6) motion into a motion for summary judgment when asked to look beyond the pleadings, *see San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998), such conversion is unnecessary when dismissal is sought based on a plaintiff's failure to exhaust remedies. *See Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1180 (9th Cir. 1988)(stating that "failure to exhaust remedies is a matter of abatement that must be raised in a motion to dismiss" and that the district court is to resolve factual disputes in reaching a decision). "In deciding such a motion to dismiss, the district court is to resolve factual disputes." *Id.* Therefore, Defendants' Motion to Dismiss for failure to exhaust internal remedies will be treated as a 12(b) motion.

Defendants submitted the International Constitution, the Local Constitution, a Memorandum of Understanding between AFSCME and the City of Phoenix, other AFSCME Judicial Panel decisions, the charges filed against Abe Arvizu, the AFSCME Judicial Panel's decision in Arvizu's case and related documentary evidence with the Affidavit of Daniel L. Bonnett. The court will consider those documents because no objection is raised to them and

1  because their authenticity cannot be questioned. The same documents will be considered for
2  purposes of determining the statute of limitations and personal immunity, and to the extent
3  the Motion to Dismiss converted to one under Rule 56.
4      Defendants also submit affidavits by Robert Bonnet, Raymond Oliver, and David
5  Meiner, which largely address the merit or lack of merit of Arvizu's claim. Those issues are
6  not addressed in this order, and those affidavits are excluded from consideration.
7      Plaintiff Arvizu has submitted his own affidavit, which is similarly excluded from
8  consideration to the extent it offers evidence concerning the merits of his claim. Defendants'
9  Motion to Strike Abe Arvizu's Affidavit, Doc. #15, therefore, is moot. However, the court
10 will consider the Arvizu affidavit to the extent it offers evidence concerning the availability
11 and adequacy of internal remedies, and to the extent the motion to strike is dismissed on the
12 merits.

### B. Motion to Remand

14     A party can remove any case that is filed in state court if the district courts would have
15 original jurisdiction to hear the case. *See* 28 U.S.C. §1441. Whenever a district court
16 determines that it lacks subject matter jurisdiction to hear a case, the court must remand the
17 case to state court. *See* 28 U.S.C. §1447. The party seeking removal has the burden of
18 establishing federal jurisdiction, "and the removal statute is strictly construed against removal
19 jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).
20     "The presence or absence of federal-question jurisdiction is governed by the 'well-
21 pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal
22 question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*
23 *Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, an exception to the well-pleaded
24 complaint rule is the complete preemption doctrine, which is applied in cases raising claims
25 preempted by § 301 of the LMRA. *Id.* at 393-94 (holding that "when the heart of the state-
26 law complaint is a . . . clause in the collective bargaining agreement, the complaint arises
27 under federal law. . .").
28

**III.    Analysis**

  **A.    LMRA Preemption**

  Section 301 of the LMRA, 29 U.S.C. § 185(a), states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

  Federal policy is that substantive principles of federal law should apply in section 301 cases so that a uniform doctrine of federal labor law will prevail over inconsistent local rules. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962). The preemptive force of section 301 completely displaces any state cause of action for violation of a collective bargaining agreement. *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048 (9th Cir. 1987). If resolution of the state-law claim depends upon the meaning of the collective bargaining agreement, the application of state law is preempted, and federal labor-law principles must apply. *Lingle v. Norge Div. of Magic Chef, Inc.*, 480 U.S. 399, 406-06 (1988). Thus, state-law claims are preempted if they require interpretation of a collective bargaining agreement. *Id.* However, "[w]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livados v. Bradshaw*, 512 U.S. 107, 124 (1994). The fact that a plaintiff may not have a remedy under federal law does not determine whether or not a state-law claim is preempted by section 301. *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988)("[W]e need only inquire whether Newberry's claim arose under section 301, thus permitting removal to federal court, although the plaintiff may have sought a remedy available only under state law.").

  In *Wooddell v. Int'l Brotherhood of Electrical Workers*, 502 U.S. 93, 98 (1991), the Supreme Court held that a "suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor

- 5 -

1  organizations." *Accord Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1476
2  (9th Cir. 1992).

3  Though dressed up in the words of state law malicious prosecution, Arvizu's claim is
4  actually for a direct or inferred right arising out of violation of the International Constitution.
5  For that reason directly it is preempted by section 301. Viewed alternatively, the claim
6  requires interpretation of the International Constitution.

7  While Arvizu asserts a claim for "malicious prosecution,"in Arizona, that action lies
8  only for wrongful criminal proceedings. "Wrongful institution of civil proceedings is the
9  correct legal term where the underlying matter was a civil action." *Lane v. Terry H.*
10 *Pillinger*, P.C., 189 Ariz. 152, 153, n.1, 939 P.2d 430, 431, n.1 (Ariz. 1997). The elements
11 of wrongful civil proceedings are: (1) that a prior action terminated in favor of the plaintiff,
12 (2) that the defendant initiated the prior action, (3) with malice, (4) without probable cause,
13 and (5) that damages were sustained. *Id.* at 154, 939 P.2d at 432.

14 Arvizu's complaint states no claim for wrongful civil proceedings under Arizona law
15 because it does not arise out of a civil proceeding. A labor union's internal self-government
16 processes are a matter of contract between members and unions. They are not government
17 processes. No Arizona cases equate the institution of internal union proceedings before a
18 judicial panel, or any other contractually-created process, with the filing of a civil action in
19 a court. Arvizu does cite the *Restatement (Second) of Torts* § 680 (1977) for the proposition
20 that the institution of an administrative proceeding can provide the basis for a subsequent
21 claim for malicious prosecution or wrongful institution of civil proceedings. Doc. #13.
22 However, an internal union proceeding is not a hearing before a governmental administrative
23 body.

24 There may be a cause of action for wrongful and bad faith pursuit of contractually
25 agreed-upon procedures. As in this case, the consensual agreement itself may speak to the
26 possibility and to a remedy. Such a right and remedy may or may not be inferred in any case
27 from the document or implied in law as a matter of public policy. For example, the implied
28 covenant of good faith and fair dealing read into every contract–as a matter of contract

1 law–may supply such a right. *Restatement (Second) of Contracts* 205 (1981). It is clear,
2 however, that the part of state tort law that protects the state's interests in not having its
3 coercive procedures abused is not the source of any such cause of action. Arvizu's complaint
4 is necessarily one for an implied-in-fact or implied-in-law right of action for malicious abuse
5 of privately agreed-upon procedures. Whether such a right may be found in or read into a
6 collective bargaining agreement or a union constitution within the meaning of section 301
7 is a preempted matter of federal labor law. Such a right, if it exists, requires interpretation
8 of, and indeed arises out of, the International Constitution.

9 Defendants have argued other reasons why Arvizu's complaint is preempted. It is not
10 necessary to address those other reasons in light of the foregoing rulings.

11 **B.    Section 301 Preempts Arvizu's State-Law Claim**

12 Arvizu's claim for wrongful institution of union discipline proceedings is preempted
13 by section 301 and is "thus converted by operation of law into a section 301 federal cause of
14 action to enforce rights covered by the collective bargaining agreement." *Harris v. Alumax*
15 *Mill Prod., Inc.*, 897 F.2d 400, 403 (9th Cir. 1990). Defendants' Motion to Dismiss argues
16 that Arvizu's section 301 claim is barred by limitations and by Arvizu's failure to exhaust
17 remedies provided in the International Constitution. Defendants Oliver and Meiner also
18 argue that they are immune from section 301 personal damage liability.

19 **1.    Statute of Limitations**

20 The LMRA sets no statute of limitations for section 301 claims. The statute of
21 limitations for a section 301 action is decided "by reference to the appropriate state statute
22 of limitations." *Int'l Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-705 (1966).
23 A second "hybrid" approach applies in cases against a union for breach of a collective
24 bargaining agreement and a breach of the duty of fair representation. *See DelCostello v. Int'l*
25 *Brotherhood of Teamsters*, 462 U.S. 151, 165 (1983). The hybrid cases are governed by the
26 six-month statute of limitations provided in the National Labor Relations Act. *Id.* at 170-72.

27 Arvizu does not allege a violation of the duty of fair representation and a breach of
28 the collective bargaining agreement (or union constitution) and therefore *Hoosier Cardinal*

controls. Thus Arizona's six year statute of limitations for breach of written contract applies. *Woodward v. Chirco Constr. Co.,* 141 Ariz 520, 525, 687 P.2d 1275, 1280 (Ariz.1995)(six-year limitation of A.R.S. § 12-548 "includes all suits brought to recover money without regard to any technical distinction between debt and damages"). Therefore, Arvizu's section 301 action was timely filed on April 5, 2005.

### 2.  Section 301 Immunity

Arvizu appears to be asserting a claim against Defendants Oliver and Meiner in their official capacity. *See* Doc. #1 at ¶ 5 ("Defendants Ray Oliver and Dave Meiner, during the material period of time were operating as agents for and on behalf of AFSCME Local Union 2384."). To the extent that Arvizu is asserting a money damages claim against Defendants Oliver and Meiner in their official capacity, this is really a claim against the Union. However, Arvizu also names as defendants the wives of both Oliver and Meiner and provides that "[d]uring the material period of time, Defendants Ray Oliver and Dave Meiner were acting for and on behalf of their marital communities." *Id.* at ¶ 4. Such language suggests that Arvizu is also bringing an action against Oliver and Meiner in there personal capacity. To the extent that Arvizu is seeking monetary damages from Oliver and Meiner, they are both immune from section 301 money damage liability. *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1400 (9th Cir. 1985), so holds for claims of violation of a collective bargaining agreement. This immunity extends to money damage claims against individual union officers for violation of the union constitution. *Madden v. Int'l Ass'n of Heat and Frost Insulators and Asbestos Workers*, 889 F. Supp. 707, 711-13 (S.D. N.Y. 1995); *Gordon v. Winspinger*, 581 F. Supp. 234, 240 (E.D. N.Y. 1984).

Arvizu does not challenge that, given that this action is preempted by section 301, the individuals are immune from liability for damages. Doc. #13 at 13 ("Clearly, if this were a §301 lawsuit for something in the nature of a breach of contract by the Union, it would be the Union itself, and not individuals that would be liable."). Therefore, because Arvizu has only requested monetary damages, he has stated no claim upon which relief can be granted against Raymond Oliver, David Meiner, and their respective spouses.

### 3. **Exhaustion of Internal Remedies**

The Landrum-Griffin Act, 29 U.S.C. § 411(a)(4) states: "No labor organization shall limit the right of any member thereof to institute an action in any court , . . . *Provided*, That any such member may be required to exhaust reasonable hearing procedures (not to exceed a four-month lapse of time) within such organization, before instituting legal . . . proceedings against such organizations or any officer thereof. . . ."  Therefore, a union constitution can require a union member to pursue internal remedies prior to bringing a section 301 action so long as the requirements comport with the Landrum-Griffin Act.

In determining whether a section 301 claim should be dismissed for failure to exhaust internal remedies, three factors are relevant: (1) whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; (2) whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under section 301; and (3) whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. *Clayton v. International Union, Etc.*, 451 U.S. 686, 689 (1981).

Article X, Section 16 of the International Constitution states:

> If the charges are not sustained, and the trial body or the appellate body is convinced that the charges were not brought in good faith or were actuated by malice, the trial body or the appellate body may impose such penalty on the charging party as in its judgment is deemed proper under the circumstances.

The International Constitution requires exhaustion of all internal remedies prior to bringing an action in court.  Article XII, Section 10 provides:

> No member or subordinate body shall institute any civil action, suit or other proceeding in any court or other tribunal outside of the Federal against the Federation, any subordinate body, or any officer of the Federal or of any subordinate body on account of any controversy or dispute for which a remedy is provided in this Constitution or the constitution of any subordinate body without first exhausting all such remedies, including all available appeals; provided that the foregoing shall not apply where the action was instituted to prevent the loss of rights under an applicable statute of limitations and the member has diligently pursued available

> internal remedies; and provide further that violation of this provision shall not be a basis for the filing of charges pursuant to Article X of this Constitution.

This provision requires a party to seek the remedies available under Article X, Section 16, before initiating any court proceeding.

Arvizu does not establish any of the three *Clayton* factors that would excuse internal exhaustion. First, Article X, Section 16 explicitly provides that the Judicial Panel may impose "any such penalty" as "deemed proper." Arvizu's profession of disbelief in the plain meaning of the International Constitution is insufficient to demonstrate that the remedies were not adequate. His Affidavit offers no competent evidence to contradict the plain language of the International Constitution as to the availability of an internal remedy. Moreover, the remedies provided in the International Constitution may still be available to Arvizu. Neither Arvizu nor the court has identified any provision in the International Constitution limiting the time within which Arvizu may file a charge alleging that Defendants brought the thirteen charges against him in bad faith.

Second, Arvizu has not indicated that he could not have received a fair hearing. In fact, the evidence suggests just the opposite–the Judicial Panel found in favor of Arvizu on all thirteen charges.

Third, Arvizu has not demonstrated that exhausting the internal procedures would have unreasonably delayed his opportunity to obtain a judicial hearing on the merits of his claim. If Arvizu had requested that the Judicial Panel consider Defendants' good faith in bringing the charges, at either the hearing or shortly after he prevailed on the merits, as provided by Article X, Section 16, he would have received a prompt determination of whether Defendants brought the charges in good faith. He may still be able to do so.

Defendants ask the court to bar Arvizu from asserting a section 301 claim because he failed to exhaust his internal remedies. The proper disposition for dismissal of a section 301 claim for failure to exhaust internal remedies is without prejudice. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)("[W]e assume that the court intended, as it should have, to dismiss the section 301 claim without

prejudice."). As discussed above, Arvizu may still be able to exhaust his internal remedies and then proceed with a section 301 action. Therefore, Arvizu's section 301 claim is dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Arvizu's affidavit, Doc. # 15, is denied as moot to the extent it offers evidence concerning the merits of his claim. The motion is otherwise denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand, Doc. #8, is denied.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, Doc. #9, is granted because Plaintiff failed to exhaust remedies provided in the AFSCME International Constitution. Plaintiff's section 301 action is dismissed without prejudice, and Plaintiff may exhaust his internal remedies and then proceed with a section 301 action. The clerk shall enter judgment that Plaintiff Arvizu take nothing on his complaint and shall terminate this action without prejudice.

DATED this 13th day of December, 2005.

_____
Neil V. Wake
United States District Judge